IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:04CV500-1-MU

| HASSAAN HAAKIM RASHAAD, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** comes before the Court upon Petitioner's Motion for Appointment of Counsel (Doc. No. 18), filed May 22, 2008; Respondent's Motion for Summary Judgment (Doc. No. 27), filed December 19, 2008; and Petitioner's Motion to Supplement Motion for Default Judgment (Doc. No. 30), filed December 15, 2008.

## PROCEDURAL HISTORY

On October 1, 2001, the grand jury for the Western District of North Carolina returned a ten-count Bill of Indictment charging Petitioner and Reginald McQueary ("McQueary"). Count One charged a Hobbs Act conspiracy in violation of 18 U.S.C. § 1951. Counts Two and Four charged both Petitioner and McQueary with substantive Hobbs Act counts in the two robberies in violation of 18 U.S.C. § 1951. Counts Three and Five charged Petitioner and McQueary with using and carrying a firearm in furtherance of a crime of violence and aiding and abetting each other therein, in violation of 18 U.S.C. § § 924(c) and 2. Count Six charged Petitioner and McQueary with conspiracy to distribute 50 grams or more of cocaine base. Counts Seven through Ten charged Petitioner and McQueary with four substantive counts of selling a

controlled substance in violation of 21 U.S.C. § 841(a)(1). On January 9, 2002, a Superceding Bill of Indictment was returned charging two additional Hobbs Act violations, both substantively and within the conspiracy, and two additional counts of using and carrying a firearm in furtherance of a crime of violence.

Petitioner's trial commenced on June 3, 2001. After voir dire, the trial court held a hearing to consider two of Petitioner's pre-trial motions. Of relevance here, this Court considered Petitioner's Motion to Dismiss the Indictment on the basis of a previously executed immunity agreement. After hearing extensive argument from both counsel, reviewing the written immunity agreement, and hearing the testimony of Agent Duda, this Court denied the motion as untimely and further held that Petitioner had materially breached the agreement when he failed to disclose his participation in eight additional robberies and when he escaped custody for four days. On June 5, 2001, the jury found Petitioner guilty of all fourteen counts in the Superceding Bill of Indictment. The jury returned a special verdict that the conspiracy involved 50 or more grams of cocaine base. On February 11, 2002, this Court sentenced Petitioner to life imprisonment and a consecutive term of 82 years imprisonment.

Petitioner filed a timely notice of appeal. On appeal, Petitioner argued that the court erred when it held that Petitioner had breached the immunity agreement and that this Court abused its discretion when it denied his Motion to Suppress. The United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and specifically held that Petitioner "failed to satisfy his obligations by escaping custody and by failing to be completely truthful in regard to his involvement in a series of uncharged robberies." United States v. Raashaad, 76 Fed. App'x 509 (4th Cir. 2003)(unpublished).

On September 29, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence. On July 13, 2006, after conducting an initial review of Petitioner's filings, this Court dismissed Petitioner's Motion to Vacate. Petitioner appealed and the Fourth Circuit granted a certificate of appealability[1] as to Petitioner's claim that his attorney provided ineffective assistance resulting in his being denied the right to testify in his defense at his pre-trial hearing regarding his immunity agreement. On November 5, 2007, the Fourth Circuit vacated this Court's order with regard to Petitioner's ineffective assistance of counsel claim pertaining to the alleged denial of his right to testify at his pretrial hearing and remanded it to this Court for further proceedings. Upon receiving the remand, this Court then ordered the Government to respond to this claim. On December 9, 2008, the Government filed the instant motion asking that Petitioner's ineffective assistance of counsel claim based upon his right to testify be dismissed.

## **LEGAL ANALYSIS**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md.,

---

[1] The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability with regard to Petitioner's remaining claims.

956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 694. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Petitioner alleges that his counsel was ineffective because he failed at his Motion to Suppress hearing to inform Petitioner of his right to testify and that the ultimate decision to testify was Petitioner's. (Doc. No. 1 at 2.) In support of his claim, Petitioner asserts that had he been allowed to testify he would have testified that:

> he committed all of the charges in the Superceding indictment, which petitioner admitted after signing of the Immunity agreement. [T]hat he did not escape from the custody of FBI Agents, and was never charged with escape. Petitioner's understanding of the Immunity Agreement is that [Petitioner] was not obligated to perform any special duties except that was written [sic] in the Immunity Agreement, and petitioner would be released. [T]hat there was NO clauses in the Agreement that would Breach the Agreement . . . [and the Petitioner] never Robbed Captain D's Restaurant or (2) Sandwich Shop's [sic], as Government informant (Reginald McQueary) alleged that he and petitioner committed, and numerous of other robberies that McQueary alleged that petitioner Confessed to him.

(Doc. No. 1 at 11-12.) In a supplemental pleading Petitioner claimed that "[t]he court nor Trevor Fuller ever advised petitioner that he had a right to testify concerning petitioner's understanding of the facts of the immunity agreement during the pre-trial hearings, and that the ultimate decision to testify was the petitioner's" (Doc. No. 3 at 8.) Discussing the pretrial hearing specifically, Petitioner claimed that after Agent Duda testified, "Petitioner responded by requesting counsel to address the Court as to his right to testify on his own behalf, [and that]

4

Counsel failed to address the court of petitioner's request, and the court failed to assure itself that petitioner had knowingly and intelligently waived his right to testify." (Doc. No. 3 at 20.)

It is well settled that a criminal defendant has a constitutional right to testify on his own behalf at trial." United States v. Midgett, 342 F.3d 321, 325 (4th Cir. 2003). Moreover, it is the defendant who retains the ultimate authority to decide whether or not to testify. United States v. McMeans, 927 F.2d 162, 163 (4th Cir. 1992). As indicated above, to prevail on his ineffective assistance of counsel claim Petitioner must establish that he was prejudiced by his counsel's alleged ineffectiveness which resulted in Petitioner not testifying at the pre-trial hearing. Upon reviewing the entire record, this Court concludes that regardless of whether Petitioner can establish that his counsel was ineffective with regard to Petitioner's right to testify at his pre-trial hearing, he cannot establish the requisite prejudice necessary to prevail on his ineffective assistance of counsel claim. See Sexton v. French, 163 F.3d 874, 884 (4th Cir. 1998)(defendant failed to establish that he was prejudiced by trial counsel's alleged failure to advise him of his right to waive his right to testify or to advise him that the decision to testify was his, thus defeating the ineffective assistance of counsel claim, since the result of the proceeding was not fundamentally unfair or unreliable).

At the pre-trial hearing Raymond Duda ("Agent Duda"), an agent with the Federal Bureau of Investigation, testified regarding the government's agreement with Petitioner. Agent Duda testified that the written immunity agreement[2] entered into by Petitioner and the

---

[2] The entirety of the Immunity Agreement is as follows: "I Hassaan Haakim Rashaad am giving my statement to the agents of the FBI with one understanding, that I have been given immunity from prosecution with regards to any crimes that I provide information on. I understand that my statement is to be complete and accurate. A formal immunity agreement will be entered into at the earliest point following my interview." (Mot. Hearing Tr. 38.)

government covered uncharged crimes. (Mot. Hearing Tr. 11, 17.) Upon being assured that he would not be charged with additional crimes, Petitioner gave a statement regarding his involvement in other bank robberies with other individuals. (Mot. Hearing Tr. 12.) During his testimony, Agent Duda. stated that the immunity agreement required Petitioner to be complete and accurate with regard to other crimes. (Mot. Hearing Tr.13.) Nevertheless, it came to light later that Petitioner had not been completely truthful and forthcoming. (Mot. Hearing Tr. 14-15.)

Agent Duda further testified that as a part of their agreement, Petitioner signed another agreement indicating that he would make consensual recordings against other individuals. (Mot. Hearing Tr. 12-13.) In accordance with this agreement, the next morning Agent Duda, some other agents and Petitioner went to Petitioner's house with video and audio equipment to "wire" his residence and contact individuals in the collateral investigation. (Mot. Hearing Tr. 13.) However, some other individuals showed up unexpectedly. (Mot. Hearing Tr. 13.) When this occurred, Petitioner took the opportunity to flee out the front door. (Mot. Hearing Tr. 13.) Petitioner was recaptured four days later. (Mot. Hearing Tr. 13.)

After hearing Agent Duda's testimony and the arguments of both counsel, this Court concluded that the motion by defense counsel was untimely. (Mot. Hearing Tr. 36.) Nevertheless, given the seriousness of the matter, the Court also substantively ruled on the motion to dismiss the criminal case against Petitioner based upon the existence of the immunity agreement. After making numerous findings of fact this Court concluded:

> that giving the benefit of the doubt to the defendant that he started out with an enforceable contract that he would not be prosecuted with regards to any case about which he might provide information, he nevertheless violated the terms of the contract by failing to provide complete and accurate information which he agreed to do and failing to follow up with a formal agreement

6

> which he prevented by his own escape from custody. And, again,
> failing to cooperate without a basis – failing to provide a basis for
> law enforcement of the valid contract. In other words, the Court
> would be – the defendant cannot on the one hand demand
> enforcement of the contract made by him and on the other hand
> disregard those provisions of the contract which require certain act
> – or actions on his part.

(Mot. Hearing Tr. 40.)

Petitioner's proposed testimony is wholly based on generalizations. For example, Petitioner asserts that he did not escape. Petitioner does not, however, explain why his sudden, unannounced exit from his apartment where he was with federal agents to set up a wire does not constitute an escape. His bald assertion minus any explanation whatsoever is simply insufficient. Presented with such testimony there is no doubt this Court would have found Agent Duda's testimony more credible.[3] Consequently, this Court's determination that Petitioner breached the immunity agreement because he escaped would not have been altered by the testimony Petitioner now says that he would have offered had he known of his right to testify.

Petitioner also asserted in his original Motion to Vacate that he would have testified that he never robbed Captain D's Restaurant or two sandwich shops. The government, however, contended that Petitioner failed to provide information about eight additional robberies. (Mot. Hearing Tr. 29.) In one of his several responses to the Government's Motion for Summary Judgment, Petitioner asserts that he would have testified that he did not commit any of the eight additional charges that the Government alleged McQueary told them about. (Doc. No. 31 at 6.) Petitioner's late assertion of his innocence with regard to all eight robberies undermines his

---

[3] The fact that Petitioner was not ultimately charged with escape is of no relevance.

credibility. Moreover, Agent Duda testified that corroborating physical evidence existed to support McQueary's assertion that Petitioner was involved in these robberies. (Mot. Hearing Tr. 15-16.) As such, his proposed unsupported testimony that he did not commit some or all of the crimes that McQueary attributed to him would not have impacted this Court's ultimate conclusion that Petitioner had violated the agreement by not being completely accurate and truthful.

The final point Petitioner states that he would have testified to regards his belief that he was not obligated to perform any special duties except what was written in the Immunity Agreement and that he would then be released. Petitioner contends that he would have testified that it was his understanding that there were no clauses in the agreement that would breach the agreement. Again, Petitioner makes no attempt to explain why he went to his apartment with federal agents wearing a wire if he had no further obligation. Nor does Petitioner rebut the testimony of Agent Duda that Petitioner signed various agreements relating to his agreement to wear a wire during meetings with co-conspirators. (Mot. Hearing Tr. 12-13.) Petitioner's assertions as to what he would have testified to at the hearing simply do not stand up to logic. Likewise, Petitioner's testimony that he did not believe he could breach the Immunity Agreement also defies logic.

In ruling that Petitioner's proposed testimony does not establish the requisite prejudice, this Court is mindful of the fact that Petitioner is asserting his right to testify in a pre-trial hearing context. As such, unlike at a trial, the fact finder weighing the credibility of the testimony would be the court – not a jury. When Petitioner's proposed testimony is contrasted with Agent Duda's detailed testimony Petitioner's unsupported, self-serving assertions are wholly insufficient. That

is, after reviewing Agent Duda's testimony, the agreement itself, and Petitioner's proposed testimony, this Court would not rule any differently.  As such Petitioner was not prejudiced.

Petitioner has also filed a Motion for Appointment of Counsel.  There is no constitutional right to counsel in proceedings under 28 U.S.C. § 2255.  <u>Crowe v. United States</u>, 175 F.2d 799 (4th Cir. 1949), <u>cert. denied</u>, 338 U.S. 950 (1950).  Moreover, Petitioner's Motion is moot in light of this Court's dismissal of his claim.

Finally, Petitioner filed a Motion to Supplement Motion for Default Judgment.  Such motion is denied.

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Respondent's Motion for Summary Judgment (Doc. No. 27) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

3. Petitioner's Motion for Appointment of Counsel (Doc. No. 18) is **DENIED;** and

4. Petitioner's Motion to Supplement Motion for Default Judgment (Doc. No. 30) is **DENIED**.

Signed: February 5, 2009

Graham C. Mullen
United States District Judge